UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERRENCE CORBETT,** | Civil Action No. 23-2400 (SDW-JBC) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| **MAXIM CASAS, et al.,** | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about May 1, 2023, Plaintiff Terrence Corbett, a pretrial detainee confined in the Hudson County Correctional Center ("HCCC") in Kearny, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. On May 12, 2023, this Court granted Plaintiff's application to proceed without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 3).

3. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. The defendants to the complaint are Director Maxim Casas, Nurse Chuck, Nurse Michelle, Nurse Calypso and Nurse Diane Weithers, Nurse Kate N., and Nurse Maduka. (ECF No. 1). Each of these defendants are alleged to be employees of Hudson County Correctional Center/Wellpath.

7. Plaintiff makes the following allegations in his complaint. Plaintiff was confined in HCCC on March 22, 2023, when he noticed a spot of what appeared to be blood coming through the cast on his thumb. A corrections officer told Plaintiff the spot looked like blood, and he should go see a nurse. When Plaintiff went to get his medications, he showed his cast to Nurse Maduka, who told him there was no way for blood to come through his cast, and his pain was not a sign that anything was wrong. About an hour later, Plaintiff saw the medical director, Maxim Casas. She expressed doubt that the spot on his cast was blood. Plaintiff disagreed, telling her that he had been complaining about pain for several weeks, and he knew something was not right. He believed his cast was rubbing against the pin that was holding his thumb in place. Director Casas told Plaintiff the spot was not blood and left without further inspection. Plaintiff reported to the medical department, in writing, that blood was coming through his cast, and this had been occurring for a week.

8. On March 23, 2023, Plaintiff checked on his request for a sick call appointment, and saw that Nurse Diane Weithers had scheduled him for sick call. Plaintiff saw Nurse Chuck that morning. Nurse Chuck told Plaintiff that it was not blood coming through his cast, because it was not possible for him to bleed that much from his thumb. Two days later, a corrections officer called Nurse Michelle about Plaintiff's complaint of pain and blood on his cast. Nurse Michelle looked at Plaintiff's cast and said it was not blood. Plaintiff asked how she knew it was not blood, and she told him she did not know. Nurse Kate N. falsely wrote that Plaintiff had been seen for

his medical complaint, and lied to Plaintiff's family that he had been evaluated. She told Plaintiff there was nothing wrong with him, and to tell his family not to call.

9. When Dr. Eyebham at HCCC saw Plaintiff's cast, he sent Plaintiff to Jersey Center Medical Hospital[1] to see the surgeon who had performed surgery on Plaintiff's thumb. The surgeon removed Plaintiff's cast, and blood and pus came out. His thumb was infected, and the surgeon asked why Plaintiff had not attended his appointment five weeks ago, as ordered. Plaintiff reported that only Medical Director Casas could schedule an appointment for him. The surgeon told Plaintiff that he would need another surgery to remove the infected skin, to prevent the infection from reaching his bone and causing him to lose his thumb. Plaintiff alleges the surgeon told him to sue the jail because missing his appointment five weeks earlier had resulted in his thumb infection. Having reviewed Plaintiff's complaint, this Court will permit Plaintiff's claims to proceed against the medical defendants who allegedly failed to inspect Plaintiff's thumb for infection and against the medical director for failing to schedule Plaintiff's follow up appointment with his surgeon.

10. Plaintiff's sole allegation against Nurse Weithers is that she scheduled Plaintiff for a sick call appointment. Therefore, the Court will dismiss Plaintiff's § 1983 claim against her without prejudice.

An appropriate Order follows.

---

[1] This Court assumes Plaintiff is referring to Jersey City Medical Center, which includes a hospital on its campus, in Hudson County, New Jersey. *See* https://www.rwjbh.org/jersey-city-medical-center/.

DATE:       June 8    , 2023

                                                        */s/ Susan D. Wigenton*
                                                        Hon. Susan D. Wigenton,
                                                        United States District Judge