UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRENCE CORBETT,<br><br>Plaintiff,<br><br>v.<br><br>MAXIM CASAS, et al.,<br><br>Defendants. | Civil Action No. 23-2400 (SDW-JBC)<br><br>OPINION |

This matter comes before this Court upon *pro se* Plaintiff Terrence Corbett's motion for default judgment. (ECF No. 16). Defendants have not entered an appearance in this matter. For the reasons discussed below, the Court will deny Plaintiff's motion for default judgment without prejudice.

I. PROCEDURAL HISTORY

Plaintiff is a pretrial detainee who is confined in the Hudson County Correctional Center. (ECF No. 1). On or about May 1, 2023, Plaintiff filed a civil rights action under 42 U.S.C. § 1983, alleging Defendants violated his substantive due process right to adequate medical care by failing to schedule his surgical follow-up appointment and treat an infection in his thumb. On May 12, 2023, this Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (ECF No. 23). On June 8, 2023, this Court screened Plaintiff's complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). This Court dismissed Plaintiff's Fourteenth Amendment substantive due process claim against Nurse Weithers without prejudice for failure to state a claim. (ECF Nos. 4, 5.) This Court permitted Plaintiff's Fourteenth Amendment substantive due process claims to proceed against Defendants Maxim Casas, Nurse Chuck, Nurse

1

Michelle, Nurse Calypso, Nurse Kate N., and Nurse Maduka to proceed. (*Id.*) Plaintiff was permitted to arrange for service of process on these defendants.

The United States Marshal Service provided receipt and return forms, indicating service of the summons and complaint on July 14, 2023, on Defendant Maxim Casas (ECF No. 8), Defendant Chuck (ECF No. 9), Defendant Michelle (ECF No. 10), Defendant Calypso (ECF No. 11), Defendant Kate N. (ECF No. 12), and Defendant Maduka (ECF No. 13). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants were required to serve an answer to the complaint within 21 days of service of the summons and complaint, which fell on August 4, 2023. When the time for Defendants to file a timely answer expired, Plaintiff filed several requests for Clerk's entry of default and a motion for default judgment. (ECF Nos. 14-17). On April 3, 2024, the Clerk of the Court entered a Clerk's Entry of Default against Defendants, exclusive of Nurse Weithers. Plaintiff's motion for default judgment (ECF No. 16) is now before the Court.

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 55 provides, in pertinent part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like

> fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> >   (A) conduct an accounting;
> >
> >   (B) determine the amount of damages;
> >
> >   (C) establish the truth of any allegation by evidence; or
> >
> >   (D) investigate any other matter.

A district court has discretion to enter default judgment, but within the Third Circuit, default judgments are disfavored and decisions on the merits are preferred. *Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 137 (3d Cir. 2017) (citations omitted). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

## III. ANALYSIS

This Court is unaware of any prejudice Plaintiff will suffer if default judgment is denied at this time. Additionally, it is not clear that the defendants are culpable of *intentional* delay in answering the complaint. Finally, the defendants may have a litigable defense to Plaintiff's claim that they were deliberately indifferent to his serious medical need.[1] *See Pearson v. Prison Health*

---

[1] The medical records Plaintiff submitted in support of his motion for default judgment (ECF No. 16-2) suggest that he was not treated for a wound infection on March 28, 2023, as alleged in the

*Serv.*, 850 F.3d 526, 537 (3d Cir. 2017) (holding that medical expert testimony may be necessary in some adequacy of care cases).  Based on the policy that default judgments are disfavored, and because the above factors weigh against granting default judgment, this Court will deny Plaintiff's motion for default judgment without prejudice.

An appropriate Order follows.

DATE:            April 25, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge

---

complaint, but rather he was treated for a pyogenic granuloma, which is "a common, acquired, benign vascular tumor that arises in tissues such as the skin and mucous membranes." Sarwal P, Lapumnuaypol K. Pyogenic Granuloma. [Updated 2022 Oct 23]. In: StatPearls [Internet]. Treasure Island (FL): StatPearls Publishing; 2024 Jan-. Available from: https://www.ncbi.nlm.nih.gov/books/NBK556077/.  Expert testimony may be required to establish that Defendants' conduct amounted to deliberate indifference to a serious medical need that caused Plaintiff to suffer an injury.